*440
 
 Pearson, C. J.
 

 The case, as it now comes up, presents but few points, and no one of them calls for much discussion.
 

 1st. On the argument, the point made upon the evidence offered to the court as preliminary to the admissibility of the acts and declarations of Ann Melton in evidence to the jury against the prisoner, was treated as if the question before this court was in regard to the
 
 sufficiency
 
 of the evidence to establish the fact of an agreement between Ann Melton and the prisoner to compass the death of Laura Foster; whereas, this court is confined to the question — was there
 
 any evidence
 
 tending to establish the fact? If so, his Plonor’s decision, as to its sufficiency, was upon
 
 a question of
 
 fact, which we cannot review. Looking at it in this point of view, it must be conceded that the point is against the prisoner.
 

 2d. “ His Plonor erred in receiving as evidence to himself, the declaration of Ann Melton, to wit: the message and instructions given by her to the little girl sent by her to the prisoner.” It does not appear on the record that this evidence was objected to as inadmissible. But, suppose it was objected to, we are of opinion that it was admissible on the ground that, although
 
 nalced
 
 declarations of one are not admissible against the other, to show an agency or an agreement, yet this was not a naked declaration, like an admission or confession, but was a part of the act and indeed, the most important part of it.
 

 3d. “The
 
 words
 
 used by Laura Foster ought not to have been received as evidence.” We think that the evidence was admissible as a part of the act. It was so considered by us when the case was up before.
 
 Vide ante
 
 211.
 

 4th. “ The question put to the witness, Eliza Anderson, ought not to have been ruled out.” There is not enough set out in the statement of the case to show the relevancy
 
 *441
 
 of this question, and we are confined to what appears in the statement of the case, treating it, as a bill of exceptions on the part of the prisoner.
 

 Neither of the two grounds taken in support of the motion to arrest the judgment are tenable.
 
 State
 
 v. Lane, 4 Ire. 113, is a conclusive answer to one, and the other is only-objectionable as violating a rule of grammar. This does not vitiate a legal proceeding when the sense and meaning is clear. Indeed, as the plea of “ not guilty ” is several and not joint, it would seem to be most proper to use the verb in the singular number and to set out in the record that each person upon the arraignment
 
 saith
 
 “ he is not guilty,” “ she is not guilty,” instead of putting it in the form of a joint plea; but the authorities support the entry in either way.
 

 There is no error. This opinion will be certified to the end, &c.
 

 Per Curiam. There is no error.